The Statehood Republican Party et al., Petitioners, *v.* Commonwealth Board of Elections et al., Respondents.

No. 14.        Decided December 1, 1967.

*Ángel Roberto Díaz* and *Arturo Ortiz Toro* for petitioners. *José C. Aponte, Secretary of Justice,* and *Rafael A. Rivera Cruz, Assistant Secretary of Justice,* for respondents.

### ORDER

On November 21, 1967, the "New Party," a political group in the process of registration as a political party by petition, sent a written communication to the General Supervisor of Elections, Mr. Ernesto Mieres Calimano, requesting permission to submit names of persons to form a part of the Local Election Boards in the precincts of Adjuntas, Aguadilla, Arecibo, Barceloneta, Corozal, Ponce 26, 27 and 28, Toa Alta, and Villalba, which allege to have been "investigated and accepted," and also to permit their submitting names for observers in those precincts which have not yet been officially approved.

On November 24, 1967, Mr. Luis Ramos Rodríguez, active member of the Commonwealth Board of Elections for the principal party, the "Statehood Republican Party," wrote a letter to the General Supervisor of Elections expressing the

opposition of said Party to the request of the "New Party."

In its meeting of November 27 of the present year, the Commonwealth Board of Elections considered the aforesaid request of the "New Party." It agreed to deny the request concerning official representation of the "New Party" in the Local Election Boards in those precincts which we have mentioned.

The request concerning the observers having been put to a vote, the representative of the Popular Democratic Party, Mr. Samuel R. Quiñones, voted in favor and the representative of the Statehood Republican Party, Mr. Luis Ramos Rodríguez, voted against it. The tie was decided by the General Supervisor of Elections, who voted in favor of the request, and it was thus approved.

The agreement of the Commonwealth Board consists in permitting the group "New Party" and other groups in process of registration as political parties by petition to have observers in the registration places on December 3, 1967, without any other function than that of observing the registration process.

The Statehood Republican Party, the Chairman of its Directing Committee, its Presidential Directory composed of several persons, and Mr. Luis Ramos Rodríguez, representative of said Party before the Commonwealth Board of Elections, appealed from that decision of the Board before the Chief Justice of the Supreme Court of Puerto Rico, setting forth that the Board erred (1) in "granting that the groups which seek to become political parties by petition, but have not yet reached that *Status*, have official observers forming a part of the Local Boards of Elections in the periodic registrations to be held in Puerto Rico next Sunday, December 3, 1967," (2) in requesting those groups, by telegram, to send candidates to occupy those offices, when the Board had already lost jurisdiction over the matter with the filing of this appeal, and (3) in granting official political observers

to form part of the Local Election Boards. to political groups which not only are not entitled to have them, but which have not requested them, as in the case of the Opposition and Renewal Party and the Independence Party.

Within the term which we granted, the Commonwealth Board of Elections has appeared requesting the dismissal of the petition on various grounds. By the first it requests the dismissal of the petition as to all appellants, with the exception of the representative of the Statehood Republican Party before the Board. It alleges that the Election Law does not acknowledge any right to said parties to appeal from a decision of the Commonwealth Board of Elections.

In view of the limited time available to decide this appeal, we shall not stop to examine that first ground for dismissal, since, as the Board itself admits, the appeal could not be dismissed because Mr. Luis Ramos Rodríguez, member of the Commonwealth Board, subsists as appellant. Sections 12 and 13 (d) of the Election Law.

Let us consider the appeal on its merits.

The Commonwealth Board of Elections is in charge of the supervision and direction of the registration of persons entitled to vote in Puerto Rico, pursuant to the provisions of the "Registration Act," of the Election Law insofar as applicable, and of the rules and regulations as the Board may adopt to that effect, which should be approved by the Governor and promulgated by the Secretary of State of Puerto Rico. Section 3 of the "Registration Act." The Local Election Board shall direct the periodic registration. Section 11 (b) of the "Registration Act." The function of the chairman and the members of the Local Election Board in the direction of the registration is of an administrative nature. Section 11 (c) "Registration Act." These Local Election Boards are composed of a Judge of the District Court or of a Justice of the Peace, and of a regular member and an alternate for each one of the principal parties and for each one of the

parties by petition. Section 14 of the "Election Law." Where there is more than one registration place in a precinct, a Local Board shall be appointed for each additional place to direct the registration in said place. These additional Boards are composed of a District Judge, appointed by the Chief Justice of the Supreme Court of Puerto Rico, to preside the Board, and of a representative for each principal party or party by petition, appointed by the Commonwealth Board of Elections, on recommendation of the political parties. Neither this law nor the "Registration Act" grants the Commonwealth Board of Elections power to alter the composition of the Local Election Boards. Any resolution of the Commonwealth Board in that sense would be unlawful.

The petitioner's principal contention is that the Commonwealth Board lacks the power to appoint official "observers" of the political parties in process of registration by petition, to form part of the Local Election Boards. If that were the agreement of the Commonwealth Board, petitioner would be right. However, the challenged agreement of the Commonwealth Board does not have that scope. Said agreement does not make the "observers" part of the Local Boards. They have no intervention in the administrative function of directing the registration. They do not have the power, if they were not in accordance with any procedure or action at the registration place to submit a written report with their signature and to send it to the Supervisor with the petitions for registration received in said report, as the members of the Local Election Board may do. They cannot sign either, at the close of the registration, the report required by law. Section 11(c) and (d) of the "Registration Act." The functions of said observers are limited to their physical presence at the registration place from which they can observe the registration process which is being effected there. The observer does not occupy substantially a different position from

that of the person who goes to the place to register and observes the process while waiting for his turn.[1]

We have not been convinced that the aforesaid agreement of the Commonwealth Board of Elections violates the law or that it constitutes an impingement upon the legislative power.

Petitioner argues that the presence of said observers prejudices its rights and interests as political party, since it creates confusion. We attach no importance to this argument. It is of general and public knowledge that the political groups who can have observers in the registration places, according to the agreement of the Board, are in the process of registration as political parties by petition.[2] The people who go to the registration places do not go to register themselves as belonging to a determined political party, but they go to comply with that prerequisite to qualify, according to law, as qualified voters, and thus be able to exercise their right to vote on election day. Really we do not understand how the presence of observers in the registration places can prejudice the interests of any principal political party. The presence of the observers, could perhaps be an additional guarantee of the integrity of the electoral process. The public interest therein should be above other considerations of a private nature.

Likewise, the fact that other political groups, which have not requested it, were permitted to have observers in the registration places lacks importance for the purposes of this appeal. The agreement of the Board does not bind those

---

[1] Precisely, appellant argued before the Board that the appointing of observers was unnecessary because any person who goes to a registration place to register could observe the whole process of registration and take notes as he wished.

[2] The agreement covered the political group "New Party" "and any other political group which is in the process of registration and which has . . . presented and filed before the Commonwealth Board of Elections a total of at least one-half of the number of petitions for registration which, if accepted, would credit it for its recognition as Party by Petition, and having presented that number also in at least more than one-half of the electoral precincts."

groups to submit names of persons, if they do not wish, to act as observers; but if they so wish, they would not be in a different position from that of the group "New Party."

Once it is decided that the agreement of the Commonwealth Board is not illegal, we need not consider and determine the lack of jurisdiction of the Board, because of the appeal, to enforce said agreement.

In view of the foregoing, the agreement of the Commonwealth Board of Elections, which gives rise to this appeal, is affirmed.

It does not seem proper for us to determine within this petition, the request made by the Board to dismiss another appeal on other agreements of the Board which have not been brought before us by petitioner, Mr. Luis Ramos Rodríguez. By virtue thereof, said contention is dismissed.

It was so ordered as witnesses the signature of the Acting Chief Justice.

(s) PEDRO PÉREZ PIMENTEL
*Acting Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Clerk*